

# Supreme Court
STATE OF LOUISIANA
New Orleans

CHIEF JUSTICE
BERNETTE J. JOHNSON — Seventh District
JUSTICES
GREG G. GUIDRY — First District
SCOTT J. CRICHTON — Second District
JAMES T. GENOVESE — Third District
MARCUS R. CLARK — Fourth District
JEFFERSON D. HUGHES III — Fifth District
JOHN L. WEIMER — Sixth District

JOHN TARLTON OLIVIER
CLERK OF COURT

400 ROYAL STREET, SUITE 4200
NEW ORLEANS, LA 70130-8102

TELEPHONE (504) 310-2300
HOME PAGE http://www.lasc.org

March 7, 2018

Hon. Scott S. Harris
Clerk, U.S. Supreme Court
Office of the Clerk
1 First Street, NE
Washington, D.C. 20543

18-2897

Re: *In Re: Eric O. Person*
Louisiana Bar Roll no. 10530
La. Supreme Court docket no. 2017-B-2159

Dear Mr. Harris:

Enclosed please find a copy of the decision rendered by this Court in the above-entitled matter, which is self-explanatory. The case became final in this Court on **March 2, 2018.**

With kindest regards, I remain,

Very truly yours,

John Tarlton Olivier
Clerk of Court

By: Theresa McCarthy
Theresa McCarthy
Deputy Clerk

TM:pal
Enclosure
ccs: Hon. Lyle W. Cayce, Clerk,
U.S. Court of Appeals, Fifth Circuit
Hon. William W. Blevins, USDC, Eastern District
Hon. Michael McConnell, Clerk, USDC, Middle District
Hon. Tony R. Moore, USDC, Western Dist.
Charles B. Plattsmier, Disciplinary Counsel
Michelle LaRose, Director of Finance, LSBA
Donna Roberts, Administrator, Disciplinary Board
U.S. Surface Transportation Board
Regional Director, IRS
Sandra Vujnovich, Judicial Administrator
Scott T. Morris, Off. of General Counsel, Social Security Administration
Cynthia Cotton, Notarial Division, Secretary of State Office
Hon. Diane Lundeen, Chief Judge, Off. of Wrkrs. Comp. Admin.
Hon. Rodd Naquin
Clerk, 1st Circuit Ct. Of Appeal
Hon. Lillian Evans Richie
Clerk, 2nd Circuit Ct. Of Appeal
Hon. Charles K. McNeely
Clerk, 3rd Circuit Ct. Of Appeal
Hon. Justin I. Woods
Clerk, 4th Circuit Ct. Of Appeal
Hon. Cheryl Q. Landrieu
Clerk, 5th Circuit Ct. Of Appeal

# The Supreme Court of the State of Louisiana

IN RE: ERIC O. PERSON

NO. 2017-B-2159

------

IN RE: Disciplinary Counsel; Eric O. Person; - Other(s); Applying For Joint Petition for Consent Discipline

------

**March 2, 2018**

Revised joint petition for consent discipline accepted. See per curiam.

BJJ

JLW

GGG

MRC

JDH

SJC

JTG

Supreme Court of Louisiana
March 2,2018

Deputy Clerk of Court
For the Court

SUPREME COURT OF LOUISIANA

NO. 2017-B-2159

MAR 0 2 2018

IN RE: ERIC O. PERSON

ATTORNEY DISCIPLINARY PROCEEDINGS

PER CURIAM

Respondent and the Office of Disciplinary Counsel ("ODC") submitted a joint petition for consent discipline, in which respondent acknowledges that he mishandled his client trust account and entered into an improper business relationship with a client, in violation of Rules 1.8(a) (business transaction with a client) and 1.15 (safekeeping property of clients or third persons) of the Rules of Professional Conduct. Having reviewed the petition,

IT IS ORDERED that the Petition for Consent Discipline be accepted and that Eric O. Person, Louisiana Bar Roll number 10530, be suspended from the practice of law for a period of six months. This suspension shall be deferred in its entirety, subject to respondent's successful completion of a two-year period of supervised probation governed by the conditions set forth in the petition for consent discipline. The probationary period shall commence from the date respondent, the probation monitor, and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate.

IT IS FURTHER ORDERED that all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.



LOUISIANA SUPREME COURT

DUPLICATE

CONFIDENTIAL

IN RE: CONFIDENTIAL PARTY

DOCKET NO. 2017-B-2159

(ODC FILE NO. 0034426) **17 B 2159**

2018 FEB 14 PM 4 54 CLERK OF COURT

## "REVISED" JOINT MOTION FOR CONSENT DISCIPLINE PURSUANT TO RULE XIX, SECTION 20

NOW INTO THESE PROCEEDINGS comes THE OFFICE OF DISCIPLINARY COUNSEL, appearing herein through undersigned Deputy Disciplinary Counsel, and Respondent, ERIC O. PERSON, (Bar Roll No. 10530), represented by undersigned counsel, who jointly move this Honorable Court for the imposition of an order of discipline by consent on the following basis, to wit:

I.

Respondent was born on March 10, 1950 and admitted to practice law on October 2, 1974. He has no prior disciplinary history.

II.

Respondent is the subject of one pending disciplinary complaint (no. 34426) filed by Ms. Kari Hasle. The substance of the complaint alleges generally conversion and commingling of client funds and improper business transactions in the form of loans to respondent from the client's funds. The parties hereto acknowledge that the facts as set forth in the attached "Revised" Joint Stipulation of Fact constitute the essential and material facts of the matter.

III.

In an effort to bring about a final, appropriate resolution of the disciplinary matter, Respondent and the Office of Disciplinary Counsel submit the instant "Revised" Joint Motion for Consent Discipline seeking imposition of a specified discipline, in the form of a six-month suspension, fully deferred, subject to a two-year period of supervised probation, with the following special conditions: (1) successfully complete the Louisiana State Bar Association's Ethics School and Trust Accounting School before the end of the probationary period; and (2) any misconduct during the period of probation may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. In addition, Respondent agrees to be responsible for all costs and expenses associated with these disciplinary proceedings.

INPUT BY: [signature]

IV.

Respondent's consent is freely and voluntarily rendered and he acknowledges that he has been subjected to no coercion or duress in the making of this agreement. Respondent further acknowledges that he is represented by competent counsel, and is fully aware of the implications of submitting this "Revised" Joint Motion for Consent Discipline.

V.

Respondent is consenting to this agreement because he believes that if formal charges were prosecuted against him in this matter, he could not successfully defend against them.

WHEREFORE, the parties pray that this "Revised" Joint Motion for Consent Discipline be filed and upon due consideration, that this Court impose the discipline agreed upon by consent and as outlined hereinabove with the Respondent to pay all costs associated with these proceedings.

Respectfully submitted,

Robert S. Kennedy (Bar Roll No. 07463)
DEPUTY DISCIPLINARY COUNSEL
Office of Disciplinary Counsel
4000 S. Sherwood Forest Blvd., Ste.607
Baton Rouge, LA 70816
Phone: (225) 293-3900

Eric O. Person (Bar Roll No. 10530)
1539 Jackson Ave., Ste. 100
New Orleans, LA 70130
Phone: (504) 561-8612
RESPONDENT

Steven Scheckman (Bar Roll No. 08742)
Schiff, Scheckman & White, LLP
650 Poydras St., Ste. 2760
New Orleans, LA 70130
Phone: (504) 309-7888
COUNSEL FOR RESPONDENT
And
Damon S. Manning (Bar Roll No. 28134)
Schiff, Scheckman & White, LLP
201 NW Railroad Ave., Ste. 302
Hammond, LA 70401
Phone: (985) 602-9201
COUNSEL FOR RESPONDENT

**LOUISIANA SUPREME COURT**

**IN RE: CONFIDENTIAL PARTY**

**DOCKET NO. 2017-B-2159**

**(ODC FILE NO. 0034426)**

---

**"REVISED" JOINT MEMORANDUM OF LAW**

---

NOW BEFORE THE COURT, comes the OFFICE OF DISCIPLINARY COUNSEL, represented by undersigned Deputy Disciplinary Counsel, and Respondent, ERIC O. PERSON, represented by undersigned counsel, and in accordance with La. Supreme Court Rule XIX, §20 (B) herewith submits their "Revised" Joint Memorandum of Law.

In this case, the Respondent has acknowledged violations of Rule 1.15 (conversion) and Rule 1.8(a) (business transaction with a client). The supporting law and jurisprudence concerning each of the rule violations will be addressed in turn:

**Business transaction with a client**

In January 2012, with the representation on-going, both the respondent and the client agreed to have the client loan the respondent $16,884.60. ODC's financial auditor has confirmed the principal amount of the loan from banking records. Respondent advises that the loan was interest free and unsecured and the terms of the loan were not reduced to writing as required by rule. Conversely, the client insists that the terms were that the loan was to be repaid in thirty days with an interest rate of 3 per cent. The Respondent did not have the client execute the written consent waivers required by rule. He ultimately repaid the loan in full in 2014 before disciplinary proceedings commenced. Moreover, ODC's forensic auditor has determined that in connection with his legal responsibilities to the client, the Respondent overpaid the client $32,000 from his personal funds. He has not sought to recoup those sums from the client.

The *ABA Standards for Imposing Lawyer Sanctions* provide: "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors: (a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating and mitigating facts."

Under the *ABA Standards*, Respondent and the Office of Disciplinary Counsel conditionally agree that in violating Rules 1.8(a) and 1.15, Respondent violated a duty owed to his client (Standard 4.0).

The *ABA Standards* define three mental states: intentional, knowing, and negligent. "Intent" is the conscious objective or purpose to accomplish a particular

result. "Knowledge" is the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result. "Negligence" is the failure of a lawyer to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation. Respondent and the ODC conditionally agree that Respondent acted negligently in failing to properly maintain his trust account and in connection with accepting a loan from his client.

The Respondent and the ODC agree there was no actual harm to Ms. Hasle or any other client; and further agree the potential for harm existed due to Respondent's failure to properly maintain his trust account.

Under ABA Standard 4.32, suspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client. Under ABA Standard 4.33, reprimand is generally appropriate when a lawyer is negligent in determining whether the representation of a client may be materially affected by the lawyer's own interest, and causes injury or potential injury to a client.

Under ABA Standard 4.12, suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. Under ABA Standard 4.13, reprimand is generally appropriate when a lawyer is negligent in dealing with client property and causes injury to a client.

Business transactions with a client are governed generally by the provisions of Rule 1.8(a):

> "A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client, unless:
>
> (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client:
>
> (2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and
>
> (3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction."

In a seminal case on prohibited business transactions with a client, *LSBA v. Bosworth* 481 So.2d 567 (La. 1986) the respondent negotiated and received a $50,000 loan

from an existing client prior to the client's receipt of settlement funds in a personal injury case. The respondent failed to repay the loan when due, requiring the client to retain an attorney for collection. The client ultimately received only $5000 of the sums due, before the respondent sought to discharge the debt in bankruptcy.

On disciplinary review, this Court imposed a six-month suspension, conditioned upon respondent's repayment of the loan.

In the case of *In re: Robert Schambach* 98-2432 (La. 1/29/99) 731 So.2d 892, the respondent borrowed $40,000 from a client, and failed to repay the loan as promised. The client ultimately filed suit to recover the debt against the respondent who then filed to discharge the loan in bankruptcy. The respondent did not make restitution until shortly before the disciplinary hearing.

Holding that a lawyer may not exploit his representation to the client's disadvantage, this Court imposed a three-year suspension upon the respondent in *Schambach*.

In *In re: Michael A. Fenasci* 2009-1665 (La. 11/20/09) 21 So. 3d 934 the respondent represented a client in a personal injury case and obtained a $30,000 loan from the client, failing to comply with the disclosure requirements contained in Rule 1.8. He repaid the loan using a check drawn on his client trust account.

In the ensuing disciplinary action, this Court found respondent guilty of violating RPC 1.8(a) as well as conversion and commingling of client funds and making improper advances of substantial funds to the client. In imposing a three-year suspension, the Court concluded that respondent acted with a dishonest and selfish motive and further that no mitigating factors were present.

Most importantly, unlike the cited cases, here the respondent repaid the entirety of the loan without the necessity of the client having to take legal action to recoup repayment of the sums advanced. This fact would appear to indicate that the respondent would be entitled to a substantial downward departure from the discipline imposed in *Bosworth, Schambach* and *Fenasci*.

**Negligent conversion with little or no harm**

The stipulated facts indicate that here the respondent's conversion of client funds was of relatively short duration and was unaccompanied by any demonstrable loss to the complainant or other clients. ODC and the respondent have determined that the respondent's inadequate and lax bookkeeping practices and office management protocols were entirely responsible for the failure to maintain accurate and complete client account records. Accordingly, the respondent's mental state under the ABA

Standards for Imposing Lawyer Discipline would be one of negligence, rather than knowing or intentional misconduct.

Rule 1.15 governs conversion of client and third-party funds and states (in pertinent part):

> "(a) lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with the representation separate from the lawyer's own property . . ."

Generally speaking, the baseline sanction for negligent conversion established by this Court, accompanied by little or no harm to the client, is a one-year suspension, fully deferred. In the case of *In re: Clifton Spears* 2011-1135 (La. 9/2/11) 72 So.3d 819 the underlying facts indicate that "(o)n fifty seven occasions the respondent wire transferred funds between his trust account and his operating or personal account with proper documentation . . . and respondent occasionally used (non-client funds in the trust account) to pay his office operating expenses directly from the trust account." He also had insufficient funds on deposit sufficient to pay a third party medical provider. The respondent was adjudged guilty of negligent conversion of client funds, and suspended for a-year-and-a-day, fully deferred.

*In re: Joslyn Renee Alex* 2016-1020 (La. 11/15/16) 205 So.3d 895, the facts indicate that the respondent "misused and commingled client trust funds. The accounting records reflect that inappropriate payments were made from the client trust account."[1] The respondent was found guilty of "grossly mishandling her trust account" although no client funds were "wrongfully withheld."

Differentiating the respondent's case from earlier cases of negligent conversion this Court pointed out that Ms. Alex had a prior disciplinary history of similar misconduct, and imposed a year-and-a-day suspension with all but thirty days deferred.

The parties stipulate to the presence of the following aggravating and mitigating factors, as set forth I ABA Standards 9.22 and 9.32 respectively:

*Aggravating:*

(a) Substantial experience in the practice of law

*Mitigating*:

(a) Absence of a prior disciplinary record;

(b) Absence of a dishonest or selfish motive;

(c) Full and free disclosure to the disciplinary board or cooperative attitude toward proceedings; and

---

[1] 205 So.3rd at 896.

(d) Remorse

Respondent and the ODC respectfully propose a six-month suspension, fully deferred, subject to a two-year period of supervised probation, along with other special conditions, as set forth in the accompanying "Revised" Joint Motion for Consent Discipline as appropriate discipline for the admitted misconduct in this matter. In addition, Respondent shall be responsible for all costs and expenses associated with these disciplinary proceedings, pursuant to Rule XIX, Section 10.1. The jointly recommended discipline will support the disciplinary goals of maintaining high standards of conduct, protecting the public, preserving the integrity of the profession, and deterring future misconduct. *Louisiana State Bar Association v. Reis*, 513 So.2d 1173, 1177-78 (La. 1987).

Respectfully submitted,

Robert S. Kennedy (Bar Roll No. 07463)
DEPUTY DISCIPLINARY COUNSEL
Office of Disciplinary Counsel
4000 S. Sherwood Forest Blvd., Ste.607
Baton Rouge, LA 70816
Phone: (225) 293-3900

Eric O. Person (Bar Roll No. 10530)
1539 Jackson Ave., Ste. 100
New Orleans, LA 70130
Phone: (504) 561-8612
RESPONDENT

Steven Scheckman (Bar Roll No. 08742)
Schiff, Scheckman & White, LLP
650 Poydras St., Ste. 2760
New Orleans, LA 70130
Phone: (504) 309-7888
COUNSEL FOR RESPONDENT
And
Damon S. Manning (Bar Roll No. 28134)
Schiff, Scheckman & White, LLP
201 NW Railroad Ave., Ste. 302
Hammond, LA 70401
Phone: (985) 602-9201
COUNSEL FOR RESPONDENT

**LOUISIANA SUPREME COURT**

**IN RE: CONFIDENTIAL PARTY**

**DOCKET NO. 2017-B-2159**

**(ODC FILE NO. 0034426)**

---

**"REVISED" JOINT STIPULATION OF FACT**

---

NOW INTO THESE PROCEEDINGS comes THE OFFICE OF DISCIPLINARY COUNSEL, appearing herein through undersigned Deputy Disciplinary Counsel, and Respondent, ERIC O. PERSON, (Bar Roll No. 10530), represented by undersigned counsel, who jointly stipulate the following facts in conjunction with the "Revised" Joint Motion for Consent Discipline.

I.

Respondent is a licensed Louisiana attorney, born on March 10, 1950, and admitted to the practice of law on October 2, 1974. He has no prior disciplinary history.

II.

Respondent is the subject of one pending disciplinary complaint (No. 34426) lodged with the Office of Disciplinary Counsel. No formal charges have been filed in this matter, and both the Respondent and the Office of the Disciplinary Counsel seek to resolve the pending matter by consent discipline.

III.

The instant disciplinary complaint was filed by Kari Hasle, a former client of Respondent, in May 2016. Ms. Hasle was previously employed by the Departments of State and Defense as an independent contractor-engineering consultant and worked overseas in the Middle East and the Far East during the years 1998 through 2014.

Because of her overseas deployment, Ms. Hasle engaged the respondent to manage her affairs, principally by overseeing the direct deposit of wages received from her government employment into his client trust account, and paying bills and expenses incurred in maintaining her stateside residence in her absence. Periodically, she also asked the respondent to advance other sums and to make various payments on her behalf as well.

The respondent acknowledges that he began to perform these services for the client beginning in the year 2004 and continuing to 2015, in return for which the respondent received a fixed monthly fee of $500. Although the complainant alleged that the deposits averaged $10,000 to $12,000 monthly, ODC conducted a financial audit of

Respondent's available bank records between the years 2010 and 2016 and determined that only approximately $250,000 was deposited into the account during that period. The last substantial monthly deposit ($3500) made on the client's behalf occurred in 2011. After that, during 2012 the monthly deposits dwindled to $100 a month and ceased entirely in early 2013—probably because the client had become unemployed in the interim. Because of the lack of reliable record-keeping by Respondent, the balance in Respondent's trust account fell below the amount necessary to maintain client funds multiple times between January 4 - June 30, 2013. The balance reached its highest shortage (-$6,967.25) in February 2013, during its longest consecutive shortage period of nineteen days. Nonetheless, ODC's financial auditor determined that no clients suffered identifiable losses.

Also, primarily because of the lack of reliable financial records, the respondent was unaware that the client's funds on deposit were exhausted in 2013; nonetheless, his office continued to pay the client's debts from his personal funds until October 2014. Following a review of Respondent's available trust account records dating from 2010 through 2016, ODC's forensic auditor has confirmed that Respondent overpaid the client $32, 843.00 of his own money. Respondent has not sought reimbursement of these sums from the client.

IV.

In sworn testimony, the complainant confirmed to ODC that she never sought a written accounting, and, in fact, prior to 2014 she expressly rejected receipt of same because of security concerns with transmitting sensitive financial documents to her while she was deployed overseas. Moreover, she also admits that she instructed Respondent not to send accountings to her stateside residence while she was deployed because of concerns that the information might be compromised. Instead, she asserts that she requested and received periodic verbal updates about the status of her funds from Respondent's office staff via telephone. The lack of regular accountings appears to have contributed to the lax handling of the client's funds.

V.

Respondent is a solo practitioner who acknowledges making errors in the maintenance and handling of his client trust account. He further acknowledges that during this time period his law practice lacked a knowledgeable and experienced accounting professional to assist in managing client trust funds. Instead, Respondent's wife, who operated as office manager, performed this function in the office. Because of the lack of reliable accounting records, the office manager failed to detect that the client's funds had become entirely depleted. To ensure that no further mismanagement occurs in future, Respondent has retained a Certified Public Accountant, Edwin G.

Generes, to assist him in improving his trust account management and reconciliation process.

VI.

In January 2012, with the representation on-going, both the respondent and the client agreed to have the client loan the respondent $16,884.60. ODC's financial auditor has confirmed the principal amount of the loan from banking records. Respondent advises that the loan was interest free and unsecured and the terms of the loan were not reduced to writing as required by rule. Conversely, the client insists that the terms were that the loan was to be repaid in thirty days with an interest rate of 3 per cent. The Respondent did not have the client execute the written consent waivers required by Rule 1.8(a). He ultimately repaid the loan in full in late 2014. Respondent admits to a conditional negligent violation of that rule in connection with this transaction.

VII.

In an effort to bring about a final, appropriate resolution to this disciplinary matter, Respondent and the Office of Disciplinary Counsel submit the accompanying "Revised" Joint Motion for Consent Discipline seeking imposition of specified discipline, in the form of a six-month suspension, fully deferred, subject to a two-year period of supervised probation, along with other special conditions, as set forth in the accompanying "Revised" Joint Motion for Consent Discipline.

VIII.

Respondent's consent is freely and voluntarily rendered and he acknowledges that he has been subjected to no coercion or duress in the making of this agreement. Respondent further acknowledges that he is represented by competent counsel, and is fully aware of the implications of submitting this "Revised" Joint Motion for Consent Discipline.

IX.

Respondent is consenting to this agreement because he believes that if formal charges were prosecuted against him in this matter, he could not successfully defend against them.

X.

The parties jointly stipulate to the presence of the following aggravating and mitigating factors as set forth in the ABA Standards for Imposing Lawyer Sanctions 9.22 and 9.32 respectively:

*Aggravating:*

(a) Substantial experience in the practice of law

*Mitigating*:

(a) Absence of a prior disciplinary record

(b) Absence of a dishonest or selfish motive

(c) Full and free disclosure to the disciplinary board or cooperative attitude toward proceedings

(d) Remorse

XI.

The signatories to this "Revised" Joint Stipulation of Facts have fully and completely read each of the above-numbered paragraphs and stipulated that they are accurate and truthful in all respects.

Respectfully submitted,

Robert S. Kennedy Jr

Robert S. Kennedy (Bar Roll No. 07463)
DEPUTY DISCIPLINARY COUNSEL
Office of Disciplinary Counsel
4000 S. Sherwood Forest Blvd., Ste.607
Baton Rouge, LA 70816
Phone: (225) 293-3900

Eric O. Person (Bar Roll No. 10530)
1539 Jackson Ave., Ste. 100
New Orleans, LA 70130
Phone: (504) 561-8612
RESPONDENT

Steven Scheckman (Bar Roll No. 08742)
Schiff, Scheckman & White, LLP
650 Poydras St., Ste. 2760
New Orleans, LA 70130
Phone: (504) 309-7888
COUNSEL FOR RESPONDENT
And
Damon S. Manning (Bar Roll No. 28134)
Schiff, Scheckman & White, LLP
201 NW Railroad Ave., Ste. 302
Hammond, LA 70401
Phone: (985) 602-9201
COUNSEL FOR RESPONDENT

**LOUISIANA SUPREME COURT**

**IN RE: CONFIDENTIAL PARTY**

**DOCKET NO. 2017-B-2159**

**(ODC FILE NO. 0034426)**

---

**"REVISED" WAIVER OF OPPORTUNITY TO WITHDRAW**

---

NOW INTO THESE PROCEEDINGS comes Respondent, ERIC O. PERSON, (Bar Roll No. 10530), represented by undersigned counsel, who has joined in the submission of a "Revised" Joint Motion for Consent Discipline in the above-numbered and entitled cause. As a material consideration for the agreement, consent and concurrence of the Office of Disciplinary Counsel, Respondent specifically and irrevocably waives any opportunity to withdraw consent prior to the final disposition of these consent proceedings.

Respectfully submitted,

Eric O. Person (Bar Roll No. 10530)
1539 Jackson Ave., Ste. 100
New Orleans, LA 70130
Phone: (504) 561-8612
RESPONDENT

Steven Scheckman (Bar Roll No. 08742)
Schiff, Scheckman & White, LLP
650 Poydras St., Ste. 2760
New Orleans, LA 70130
Phone: (504) 309-7888
COUNSEL FOR RESPONDENT
And
Damon S. Manning (Bar Roll No. 28134)
Schiff, Scheckman & White, LLP
201 NW Railroad Ave., Ste. 302
Hammond, LA 70401
Phone: (985) 602-9201
COUNSEL FOR RESPONDENT



# LOUISIANA ATTORNEY DISCIPLINARY BOARD

**OFFICE OF THE DISCIPLINARY COUNSEL**
4000 S. Sherwood Forest Blvd.
Suite 607
Baton Rouge, Louisiana 70816
(225) 293-3900 • 1-800-326-8022 • FAX (225) 293-3300

February 9, 2018

Honorable John T. Olivier, Clerk of Court
Supreme Court of Louisiana
400 Royal Street - Suite 4200
New Orleans, LA 70130

17 B 2159

2018 FEB 14 PM 4 47
SUPREME COURT OF LOUISIANA
CLERK OF COURT

Re: Confidential Party
LASC Docket no.: 2017-B-2159

Dear Mr. Olivier:

We previously submitted consent documents to the La. Supreme Court in the above referenced matter. On January 31, 2018, the Court issued an Order conditionally rejecting consent (see attached) and giving the parties 30 days to submit "revised" consent pleadings.

Consistent with the Court's order, please find enclosed an original and nine (9) copies of the below listed documents for filing in the above referenced matter:

1. "Revised" Joint Motion for Consent Discipline;
2. "Revised" Joint Stipulation of Facts;
3. "Revised" Joint Stipulation of Facts
4. "Revised" Waiver of Opportunity to Withdraw

Please date stamp the extra copy and return to our office in the self-addressed, stamped envelope provided for your convenience.

Thank you for your assistance.

Sincerely,

Robert S. Kennedy

Robert S. Kennedy
Deputy Disciplinary Counsel

RSK/ks
Enclosures
cc: Damon S. Manning (w/enclosure)

SUPREME COURT OF LOUISIANA

NO. 2017-B-2159

IN RE: CONFIDENTIAL PARTY

---

ORDER

---

Considering the Joint Petition for Consent Discipline filed by respondent and the Office of Disciplinary Counsel,

IT IS ORDERED that the Petition for Consent Discipline be conditionally rejected. However, within thirty days of the date of this order, the parties may submit a revised Petition for Consent Discipline seeking a sanction of no less than a six-month suspension, fully deferred, subject to a two-year period of supervised probation with conditions to include respondent's attendance at the Louisiana State Bar Association's Ethics School and Trust Accounting School. If no revised petition is submitted within that time, the Petition for Consent Discipline shall be rejected and the matter shall be remanded to the disciplinary board for the institution of formal charges.

NEW ORLEANS, LOUISIANA, this 31st day of January, 2018.

FOR THE COURT:

Bernette J. Johnson

JUSTICE, SUPREME COURT OF LOUISIANA

SUPREME COURT OF LOUISIANA

JAN 31 2018

NO. 2017-B-2159

IN RE: CONFIDENTIAL PARTY

**Hughes, J., would accept the joint petition for consent discipline.**

LOUISIANA ATTORNEY DISCIPLINARY BOARD
OFFICE OF THE DISCIPLINARY COUNSEL
4000 S. SHERWOOD FOREST BLVD., SUITE 607
BATON ROUGE, LOUISIANA 70816
17 B 2159
U.S. POSTAGE PAID
NEOPOST USA
ePostage
USPS PARCEL SELECT GND™
LOUISIANA ATTY DISCIPLINARY BOARD
STE 607
4000 S SHERWOOD FOREST BLVD
BATON ROUGE LA 70816-4374
Ship Date: 02/09/18
Weight: 1 lb 15.1 oz
0000
C039
RECEIVED
FEB 14 2018
JOHN T OLIVIER
LOUISIANA SUPREME COURT
400 ROYAL ST STE 4200
NEW ORLEANS LA 70130-8102
USPS TRACKING # EP
9261 2901 1220 3900 1376 59



## USPS Tracking®

FAQs > (http://faq.usps.com/?articleId=220900)

Track Another Package +

Tracking Number: 9261290112203900137659

Remove X

Your item was delivered to an individual at the address at 10:30 am on February 14, 2018 in NEW ORLEANS, LA 70130.

### Delivered

February 14, 2018 at 10:30 am
Delivered, Left with Individual
NEW ORLEANS, LA 70130

Get Updates

Text & Email Updates

Tracking History

**February 14, 2018, 10:30 am**
Delivered, Left with Individual
NEW ORLEANS, LA 70130
Your item was delivered to an individual at the address at 10:30 am on February 14, 2018 in NEW ORLEANS, LA 70130.

**February 13, 2018, 10:04 am**
No Access
NEW ORLEANS, LA 70130

**February 12, 2018, 3:09 pm**
Arrived at Post Office
NEW ORLEANS, LA 70113

**February 12, 2018, 12:07 pm**
In Transit to Destination
On its way to NEW ORLEANS, LA 70130

**February 11, 2018, 12:07 pm**
In Transit to Destination
On its way to NEW ORLEANS, LA 70130

**February 10, 2018, 1:07 pm**
Departed USPS Regional Facility
MEMPHIS TN NETWORK DISTRIBUTION CENTER

**February 10, 2018, 12:28 pm**
In Transit to Destination
On its way to NEW ORLEANS, LA 70130

**February 10, 2018, 12:11 pm**
Arrived at USPS Regional Facility
MEMPHIS TN NETWORK DISTRIBUTION CENTER

**February 9, 2018, 7:28 pm**
Departed Post Office
BATON ROUGE, LA 70817

**February 9, 2018, 4:39 pm**
USPS in possession of item
BATON ROUGE, LA 70817

Product Information

See Less

How can I help you?